IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[42] ELIZABETH RIVERA-DIAZ,

Defendant.

CRIMINAL NO. 07-488 (ADC)

**REPORT AND RECOMMENDATION**

Defendant Elizabeth Rivera-Díaz was charged in Counts One (1) through Five (5), and Count Eleven (11) of an Indictment and she agreed to plead guilty to Count One of the Indictment. Count One charges that, beginning in or about the year 2005, exact date unknown, and continuing up to and until the return the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, Elizabeth Rivera-Díaz and other defendants, did knowingly and intentionally, conspire, combine and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I, Narcotic Controlled Substance; fifty (50) grams or more of cocaine base hereinafter referred to as crack cocaine), a Schedule II Controlled Substance, five (5) kilograms or more of cocaine, a Schedule II, Controlled Substance; and detectable amounts of marihuana, a Schedule I, Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, Nuestra Señora de Covadonga Public Housing Project; or of a public school, that is the Head Start Program Located within Nuestra Señora de Covadonga Public Housing Project all in violation of Title 21, United States Code, Sections 846, 845(a)(1), (b)(1)(C), (b)(2), and 860.

<u>United States of America v. Elizabeth Rivera-Díaz [42]</u>
Criminal No. 07-488(ADC)
Report and Recommendation
Page 2

On November 18, 2008, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition[2], to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Guillermo A. Macari-Grillo, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant stated she is receiving some psychological treatment. Defense counsel indicated that, regardless of this fact, defendant is competent to understand the proceedings. Based on defendant's demeanor and coherent answers to our questions, a determination was made that she is competent to understand the proceedings.

United States of America v. Elizabeth Rivera-Díaz [42]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 3

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Macari-Grillo, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not less than (10) years and up to life imprisonment, a fine not to

United States of America v. Elizabeth Rivera-Díaz [42]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 4

exceed four million dollars ($4,000,000.00), a term of supervised release of at least ten (10) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine, the penalty for the offense shall be, a term of imprisonment of not less than five (5) years and not more than eighty (80) years, and a fine not to exceed two million ($2,000,000.00) a term of supervised release of at least eight (8) years, all pursuant to Title 21, United States Code, Section 845(b)(1)(B) and 860.

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement" pursuant to Rule 11(c)(1)(A) and (B) FRCP ("the Agreement") and the "Plea Agreement Supplement" were shown to defendant, verifying her signature and initials on each and every page.[3]

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said

---

[3] Defendant and her counsel acknowledged having discussed the "Plea Agreement Supplement" and its consequences.

United States of America v. Elizabeth Rivera-Díaz [42]
Criminal No. 07-488(ADC)
Report and Recommendation
Page 5

reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties stipulate that, as part of the plea agreement, the defendant is accepting responsibility for at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine. Pursuant to U.S.S.G. § 2D1.1(5), the Base Offense Level is of Thirty (30). Pursuant to U.S.S.G. § 2D1.2(a)(1), a two (2) level increase is warranted for protected location. Pursuant to U.S.S.G. § 3B1.2(b), a decrease of two (2) levels is agreed for her role. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Seven (27), yielding an imprisonment range of seventy (70) to eighty-seven (87) months, assuming a Criminal History Category of One.

The parties agree to recommend to the Court, that the defendant be sentenced to serve a term of imprisonment for seventy (70) months, or the lower end of the applicable guidelines, whichever is greater. Unless the defendant complies with the provisions of U.S.S.G. 5C1.2, any recommendation for a term of imprisonment of less than seventy (70) months would constitute a material breach of the plea agreement. The parties understand that the Court is not bound by the recommendation and that the Court, after consideration of the factors contemplated within the U.S.S.G. and Title 18, United States Code, Section 3553 et seq., may sentence the defendant to any amount of time up to and including the statutory maximum for the offense to which she plead, and that such a sentence will not invalidate this agreement.

Pursuant to paragraph nine (9), should the defendant qualify under the requirements set for the in U.S.S.G. § 5C1.2, she could be entitled to a further two (2) point reduction;

however, presently the United States has insufficient information concerning whether the defendant would meet the criteria.

Pursuant to paragraph eleven (11), the parties do not stipulate any assessment as to the defendant's Criminal History Category.

At sentencing, the United States agrees to recommend a dismissal of the remaining counts of the Indictment which were filed against the defendant.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant

was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[4]

Count One of the Indictment was read in open court to defendant and she stated she understood the charges and that she was pleading guilty to Count One. Defendant was shown a written document entitled Statement of Facts, which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 07–488 (ADC).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 07-488 (ADC).

---

[4] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph twenty (20) a waiver of appeal. Defendant acknowledged discussing the waiver of appeal with her counsel and stated she understood the consequences of the same.

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 20th day of November of 2008.

                                          s/ CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE